

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 26, 1976

The Honorable Robert H. Green
Chairman
Texas State Board of Landscape
    Architects
320 Sam Houston State Office
    Building
Austin, Texas   78701

Opinion No. H-814

Re:  Whether members of
professions exempted from
the landscape architects
act may represent that
they are landscape archi-
tects even though they
are not licensed as such.

Dear Mr. Green:

You have requested our opinion regarding whether members
of professions exempted from article 249c may represent
themselves as landscape architects, even though they are not
licensed as such. Article 249c prescribes the qualifications
for the practice of landscape architecture as defined therein.
The statute further provides in pertinent part:

> Sec. 2(a). The provisions of this Act
> do not apply to nor affect laws relating
> to:
>     (1) a registered professional
> engineer, building designer, land
> surveyor, nurseryman, and architect
> (except landscape architect), respec-
> tively. . . .

There are two possible constructions of this provision.
Under the broader interpretation, any person registered under
a licensing law applicable to a profession exempted by section
2(a)(1) is fully competent to practice landscape architecture
in all its aspects and may represent himself to the public
as a landscape architect without the necessity of registra-
tion with and licensing by the Texas State Board of Landscape

Architects.  Under the more restrictive view, the statute means that the persons exempted, while engaged within the ordinary and proper scope of their respective professions, need not comply with the provisions of article 249c as to registration and licensing, even though their activities might include some aspect of landscape architecture.

Although article 249c is silent with respect to its purpose, the obvious intent of the Legislature in enacting this statute was to regulate the practice of landscape architecture and to require certain minimum standards of every person who desires to practice that profession.  In Mabry v. Priester, 333 S.W.2d 684 (Tex. Civ. App. -- Houston 1960), rev'd on other grounds, 338 S.W.2d 704 (1960), the court stated that

> [t]he statutes regulating the practice
> of architecture are for the purpose of
> protecting the public, just as are
> statutes regulating engineers and
> dealers in securities.  Id. at 686.

In our opinion, protection of the public is likewise the primary purpose of article 249c.

It is a well established rule of statutory construction that a statute susceptible to more than one interpretation should be construed so as to secure the benefit intended and effect the legislative intent.  Alobaidi v. State, 433 S.W.2d 440, 442 (Tex. Crim. App. -- 1968), cert. denied, 393 U.S. 943 (1968).  It is clear that the purpose of article 249c can be best effected by the more restrictive construction.  If the Legislature seeks thereby to protect the public, it can hardly have intended to permit an individual whose familiarity with the subject of landscape architecture may be only peripheral to hold himself out to the public as competent in all aspects of the profession.  Thus, it is our opinion that members of professions exempted from article 249c, while they need not comply with the statute's licensing provisions while engaged within the ordinary and proper scope of their respective professions, may not represent themselves as landscape architects unless they are licensed as such.

## S U M M A R Y

Members of professions exempted from article 249c, while they need not comply with the statute's licensing provisions while engaged within the ordinary and proper scope of their respective professions, may not represent themselves as landscape architects unless they are licensed as such.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb